IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HARRY L. JIRON AND SANDRA JIRON,**
**husband and wife,**

      **Plaintiffs,**

vs.                                              No. CIV 07-00692 RB/RLP

**TEAMSEC, INC., a foreign Corporation,**
**EVENT ONE STAFFING, INC., a foreign Corporation,**
**ARAMARK ENTERTAINMENT, INC., a foreign Corporation,**
**CLEAR CHANNEL BROADCASTING, INC., a foreign Corporation,**
**JOHN DOE I, JOHN DOE II, JOHN DOE III, and JOHN DOE IV,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendants' Motions for Summary Judgment. Jurisdiction is founded upon 28 U.S.C. § 1332. Having considered the submissions of the parties, relevant law, and being otherwise fully advised, Defendants' Motions for Summary Judgment are **GRANTED**.

**I.     Background.**

At approximately 6:30 A.M. on May 19, 2004, Plaintiff Harry Jiron's vehicle was struck head-on by a vehicle driven by twenty-year-old Chris Blackwood. Mr. Jiron was permanently injured in the accident. Mr. Blackwood was killed (Doc. 37-4). Autopsy results indicate that Mr. Blackwood was intoxicated at the time of the accident, having consumed a large amount of alcohol and marijuana. His blood alcohol level was .228, almost three times the legal limit (Doc. 37-5).

At the time of the accident, Mr. Blackwood was an employee of Defendant Teamsec, Inc. (hereinafter "Teamsec") (Doc. 37-4). The night before the accident, Mr. Blackwood worked security for Teamsec at the Journal Pavilion Amphitheater during a Styx/Peter Frampton concert

(Doc. 37-2). Defendant SFX of New Mexico, LLC n/k/a Live Nation of New Mexico, LLC (hereinafter "Live Nation") manages the Journal Pavilion. Defendant Aramark Entertainment, Inc. (hereinafter "Aramark") has an exclusive concession agreement with Live Nation, making Aramark the only company licensed to procure and distribute alcohol at the Journal Pavilion (Doc. 37-3).

Plaintiffs allege that Defendants furnished or otherwise made alcohol available to Mr. Blackwood, a minor, and permitted or allowed him to consume alcohol and become intoxicated at the Journal Pavilion during or after his scheduled shift on May 18-19, 2004. Plaintiffs seek damages for medical expenses, lost wages, pain and suffering, loss of consortium, and other damages sustained as a result of the permanent personal injuries suffered by Mr. Jiron. Plaintiffs' claims are based upon negligence, respondeat superior, negligent training, negligent hiring, negligent supervision, vicarious liability, and dram shop liability (Doc. 1-3).

Defendants deny liability on the grounds that there is no evidence to support Plaintiffs' allegations that Mr. Blackwood obtained or consumed alcohol at the Journal Pavilion, either during or after his scheduled shift (Doc. 37). Defendants also assert that the opinions and testimony of Plaintiffs' experts, Dr. Edward Reyes and Lt. Les Brown, are untimely and otherwise inadmissible (Doc. 52).

**II. Summary Judgment Standard.**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.'" *Munoz v. St. Mary Kirwan Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000). When applying this standard, the court examines the record and makes all reasonable inferences in the light

most favorable to the non-moving party. *Id.*

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the non-moving party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *See Munoz,* 221 F.3d at 1164. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *See Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1129 (10th Cir. 2003). The substantive law at issue determines which facts are material in a given case. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of

3

summary judgment." *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).

### III.     Discussion.

All of Plaintiffs' causes of action are predicated upon the allegation that Defendants furnished or otherwise made alcohol available to Mr. Blackwood, a minor, and permitted or allowed him to consume alcohol and become intoxicated at the Journal Pavilion, during or after his scheduled shift on May 18-19, 2004. Defendants discharged their initial burden for summary judgment by showing that there is an absence of evidence to support the Plaintiffs' claim that Defendants furnished or otherwise made alcohol available to Mr. Blackwood or permitted him to consume alcohol at the Journal Pavilion on May 18-19, 2004. *Adler*, 144 F.3d at 671.  Plaintiffs' response did not set forth specific facts showing there is a genuine issue for trial as to the dispositive matter for which it carries the burden of proof. *See Munoz,* 221 F.3d at 1164.  Indeed, Plaintiffs' case is entirely based on conjecture and inadmissible evidence, and a reasonable jury could not return a verdict for the Plaintiffs. *See Harvey Barnett, Inc.*, 338 F.3d at 1129.  Granting summary judgment on behalf of the Defendants, therefore, is appropriate.

Defendants highlighted the absence of any evidence supporting the claim that Mr. Blackwood drank alcohol or smoked marijuana at the Journal Pavilion. According to the affidavit of Mel Black, Mr. Blackwood's immediate supervisor, Mr. Blackwood did not consume any alcoholic beverages or illicit drugs while on the premises of the Journal Pavilion on May 18-19, 2004 (Doc. 37-2). According to the affidavit of Katherine Montoya, a Teamsec employee responsible for signing other employees in and out on May 18-19, 2004, Mr. Blackwood did not appear intoxicated during his shift on the night in question (Doc. 37-7). According to the affidavit of Tracie McClain–the Concessions Manager at the Journal Pavilion on the night in question–Aramark, in accordance with standard business procedures, stopped serving alcoholic

beverages at the concession stands on May 18, 2004 at 10:00 P.M. and at the VIP tent prior to midnight (Doc. 37-3).

Defendants presented compelling evidence that Mr. Blackwood did not remain at Journal Pavilion after he signed out from work at 12:11 A.M. on May 19, 2004. The Styx/Peter Frampton concert ended at 11:00 P.M. on May 18, 2004 (Doc. 37-6). The Employee Sign-In Sheet shows that Mr. Blackwood signed out from work at 12:11 A.M. on May 19, 2004, more than six hours prior to the accident (Doc. 37-2). Teamsec's payroll records reflect that Mr. Blackwood was only paid for eight hours of work, 3:59 P.M. to 12:00 A.M., on the night of the Styx/Peter Frampton concert (Doc. 54-3). Mr. Blackwood never worked overnight security for Teamsec (Doc. 54-3), and no one from Teamsec or any other company stayed overnight to watch a band's equipment on the night of May 18-19, 2004 because there was no band's equipment to watch (Doc. 54-4). Mike Halbert, the Director of Operations for the Journal Pavilion on the night in question, inspected the premises and was the last person to leave on the morning of May 19, 2004. He left at 2:30 A.M., four hours prior to the accident (Doc. 37-6).

Plaintiffs failed to present any direct evidence that Mr. Blackwood consumed alcohol or illegal drugs at Journal Pavilion on May 18-19, 2004. Plaintiffs, instead, rely completely on circumstantial evidence in their attempt to demonstrate a genuine issue of material fact. However, all the circumstantial evidence presented by Plaintiffs is either inadmissible, irrelevant, or does not raise a genuine issue of material fact. The Court can consider only admissible evidence in reviewing an order granting summary judgment. *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995). While the party opposing summary judgment "need not produce evidence in a form that would be admissible at trial, ... the content or substance of the evidence must be admissible." *Thomas v. IBM*, 48 F.3d 478, 485 (10th Cir. 1995).

5

Stanley Alan Watkin's testimony regarding Mr. Blackwood's statement that he would be at work for another three hours, during a phone conversation on May 19, 2004 between 6:00 A.M. and 6:30 A.M., is offered by the Plaintiffs to prove that Mr. Blackwood was at the Journal Pavilion immediately prior to the accident and had been working there throughout the night.  Not only is this hearsay of the rankest sort, but it clearly contradicts the known, undisputed fact that Mr. Blackwood was involved in an accident at approximately 6:30 A.M. (Doc. 43-8). Fed.R.Evid. 801 and 802.  Neither does the tendered hearsay fall within any of the exceptions.  Hearsay testimony cannot be considered because a third party's description of a witness' supposed testimony is "not suitable grist for the summary judgment mill." *Thomas*, 48 F.3d at 485.  Therefore, Mr. Watkin's testimony regarding Mr. Blackwood's statement is inadmissible.

The records of Aramark's alcohol related citations are presented by Plaintiff as circumstantial evidence that Aramark, in conformity to prior alcohol related citations, provided Mr. Blackwood with alcohol.  Under Rule 404(b), evidence of other acts "is not admissible to prove character of a person in order to show action in conformity therewith." *Unit Drilling Co. v. Enron Oil & Gas Co.*, 108 F.3d 1186, 1194 (10th Cir. 1997). The records of Aramark's alcohol related citations, therefore, are inadmissible.

Pursuant to the Amended Scheduling Order, the deadline for Plaintiffs' expert disclosures was April 2, 2008 (Doc. 30).  On April 30, 2008, without seeking leave of the Court, Plaintiffs submitted the expert affidavits of Dr. Reyes and Lt. Brown (Doc. 43-8).  Failure to comply with the Court's scheduling order is sufficient grounds for excluding expert testimony. *Sims v. Great American Life Ins. Co.*, 469 F.3d 870, 895 (10th Cir. 2006).  The affidavits of Dr. Reyes and Lt. Brown, therefore, are barred from coming into evidence for purposes of summary judgment.

In addition, the evidence offered by Dr. Reyes and Lt. Brown is not helpful in ascertaining

6

where Mr. Blackwood was physically located prior to the accident. The opinions proffered by Dr. Reyes and Lt. Brown that, based on Mr. Blackwood's blood alcohol content, Mr. Blackwood "could not have traveled a significant distance" is insufficient, both by itself and when viewed in the context of the record as a whole, to raise a genuine issue of material fact regarding whether Mr. Blackwood was at the Journal Pavilion immediately prior to the accident. (Doc. 43-8, 46-2). *See Matsushita Elec. Indus. Co.,* 475 U.S. at 587. This evidence does not tend to prove or disprove whether Mr. Blackwood was at the Journal Pavilion immediately prior to the accident; instead, it merely places Mr. Blackwood within an indeterminate area that is not a "significant distance" away from the accident site. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993)(noting that expert testimony must assist in determining a fact in issue). Any definite conclusion regarding the exact location of Mr. Blackwood prior to the accident that is solely derived from the opinions proffered by Dr. Reyes and Lt. Brown is simply too tenuous to form the basis for a genuine issue of material fact. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)(noting that a court may conclude that there is simply too great an analytical gap between the data and the opinion proffered). Furthermore, there is an inadequate scientific basis for the opinions proffered by Dr. Reyes and Lt. Brown. *See Daubert*, 509 U.S. at 590 (noting that expert testimony must be grounded in the methods and procedures of science). Indeed, the affidavits of Dr. Reyes and Lt. Brown provide no scientific data or facts upon which the proffered opinions are based.[1] Therefore,

---

[1] Plaintiffs failed to comply with Rule 26(a)(2) in submitting the expert affidavits of Dr. Reyes and Lt. Brown. Specifically, Plaintiffs failed to disclose the following information required by Rule 26(a)(2)(B): (1) a complete statement of the basis and reasons for the opinions, (2) the data or other information considered by the witness in forming them, (3) a list of all publications authored by the witnesses in the previous 10 years, (4) a list of all other cases in which the experts have testified in the last four years, and (5) a statement of the compensation to be paid for the study and testimony in the case. Fed.R.Civ.P. 26(a)(2). It is unnecessary for the Court to evaluate whether the expert affidavits of Dr. Reyes and Lt. Brown should be barred

even if the expert opinions proffered by Dr. Reyes and Lt. Brown were not barred for failure to comply with the Court's scheduling order, they would be inadmissible, under Rule 702, and are otherwise insufficient to raise a genuine issue of material fact. *See* Fed.R.Evid. 702; *see also Harvey Barnett, Inc.*, 338 F.3d at 1129; *see also Daubert*, 509 U.S. at 590.

The Court grants leave for Plaintiffs to supplement the record with the deposition testimony of Alice Gallegos and Megan Ashley Coleman-Watkin. However, neither the testimony of Ms. Gallegos nor the testimony of Ms. Coleman-Watkin raises a genuine issue of material fact in this case. Neither Ms. Gallegos nor Ms. Coleman-Watkin have any personal knowledge about the events of May 18-19, 2004 that led up to the accident, and neither of them offered testimony that could reasonably be interpreted as showing that Mr. Blackwood worked overnight or consumed alcohol or marijuana at the Journal Pavilion on May 18-19, 2004 (Doc. 70-4, 70-5).

Ms. Gallegos testified that she did not know if Mr. Blackwood ever drank alcohol or smoked marijuana at the Journal Pavilion and that she did not have any personal knowledge regarding anything that happened at the Journal Pavilion on May 18-19, 2004 (Doc. 70-5). According to the affidavit of Ms. Gallegos, she stopped working at the Journal Pavilion in 2003 (Doc. 43-2); according to her deposition testimony, she worked as an alcohol server at the Journal Pavilion from approximately May 2000 until May 2001 (Doc. 70-5). Her testimony that she had seen employees taste beer or margaritas during the summer of 2001 is irrelevant to the time period at issue in this case (Doc. 70-5). *See* Fed.R.Evid. 401 and 402; *see also Tanberg v. Sholtis*, 401 F.3d 1151, 1163 (10th Cir. 2005) (noting that relevant evidence is that which has any tendency to make the existence

---

under Rule 37(c)(1) because they are already barred for failure to comply with the Court's scheduling order and are inadmissible because they are not helpful in determining a fact in question in this suit and cannot pass *Daubert* standards. *See Sims*, 469 F.3d at 895; *see also Daubert*, 509 U.S. at 592.

8

of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence).  Ms. Gallegos' testimony that someone had told her that members of the security team had consumed confiscated drugs and alcohol at the Journal Pavilion when she worked there is both irrelevant to the time period at issue in this case and inadmissible hearsay (Doc. 43-2, 70-5). *See* Fed.R.Evid. 401, 402, 801 and 802; *see also Thomas*, 48 F.3d at 485.

Ms. Coleman-Watkin did not work at the Journal Pavilion on May 18-19, 2004 (Doc. 70-4). She testified that she did not know where Mr. Blackwood was between 12:00 A.M. and 6:30 A.M. on May 19, 2004, and she testified that she had no knowledge whether Mr. Blackwood ever drank alcohol or smoked marijuana at the Journal Pavilion (Doc. 70-4).  Ms. Coleman-Watkin's statement that is relied on by Plaintiffs–"I feel like [Mr. Blackwood] told me he was going to be staying to watch someone's equipment, but I don't remember when that was that he said he was going to do that"–is not sufficient, viewing the record as a whole, to raise a genuine issue of material fact regarding whether Mr. Blackwood worked overnight at the Journal Pavilion on May 18-19, 2004 (Doc. 70-4).[2] *See Matsushita Elec. Indus. Co.*, 475 U.S. at 586.

Plaintiffs argue that summary judgment would be premature because discovery had not been completed at the time Defendants filed their motions for summary judgment.  However, Plaintiffs have failed to file an affidavit, pursuant to Rule 56(f), showing how additional time would enable them to rebut Defendants' allegations of no genuine issue of fact. *See Weir v. Anaconda Co.*, 773 F.2d 1073 (10th Cir. 1985).  "Rule 56(f) may not be invoked by merely asserting that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable." *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir. 1986).  Indeed,

---

[2] Ms. Coleman-Watkin's testimony regarding Mr. Blackwood's statement is also inadmissible hearsay. *See* Fed.R.Evid. 801 and 802; *see also Thomas*, 48 F.3d at 485.

"[w]here a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." *Id*. at 832-33. The protection afforded by Rule 56(f) is an alternative to a response in opposition to summary judgment under Rule 56(e). *Id.* at 833. A party may not attempt to respond on the merits to a summary judgment motion and later fall back on Rule 56(f). *See Been v. O.K. Industries, Inc.*, 495 F.3d 1217, 1235 (10th Cir. 2007). Summary judgment, therefore, is appropriate despite the fact that discovery had not been completed at the time Defendants filed their motions for summary judgment.

## IV.  Conclusion.

Plaintiffs have failed to present any evidence that could allow a reasonable jury to find that Mr. Blackwood consumed alcohol or illegal drugs at Journal Pavilion on May 18-19, 2004. *See Harvey Barnett, Inc.*, 338 F.3d at 1129. Because Plaintiffs have failed to demonstrate a genuine issue for trial on the only material issue in this case, it is appropriate for this Court to grant Defendants' Motions for Summary Judgment.[3] *See McGarry*, 175 F.3d at 1201.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motions for Summary Judgment are **GRANTED**.

**A JUDGMENT CONSISTENT WITH THIS MEMORANDUM OPINION AND ORDER SHALL ISSUE FORTHWITH.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

---

[3] Because Defendants' Motions for Summary Judgment are granted, it is unnecessary for the Court to address Defendants' Motions for Summary Judgment on Plaintiffs' Claim for Loss of Consortium (Doc. 73) or Defendants' Motion for an Order Excluding Evidence and Recovery of Written Off Medical Expenses (Doc. 75).